UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:**   (In Chambers) Order Re: Motion for Attorney's Fees

Having reviewed all the briefing filed with respect to plaintiff's Motion for Attorney's Fees, Non-Taxable Expenses and Pre- and Post-Judgment Interest, (Dkt. 81, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### INTRODUCTION

On April 19, 2016, plaintiff John Castaneda ("plaintiff" or "Castaneda"), filed a Complaint against defendants Ocwen Loan Servicing, LLC ("Ocwen"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), asserting claims for violations of the: (1) the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §§ 1681, et seq.; (2) California Consumer Credit Reporting Agencies Act, ("CCCRAA"), Cal. Civ. Code § 1785.25(a); (3) Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; and (4) Rosenthal Fair Debt Collection Practices Act, ("Rosenthal Act"), Cal. Civ. Code §§ 1788, et seq., arising from efforts to collect on a debt discharged in bankruptcy.[1] (See Dkt. 1, Complaint).  On September 16, 2016, plaintiff filed a First Amended Complaint ("FAC") asserting the same claims against the same defendants.[2]  (See Dkt. 31, FAC).

On March 13, 2017, plaintiff filed another complaint, Castaneda v. Nationwide Credit, Inc., et al., Case No. ED CV 17-0468, against Nationwide Credit, Inc. ("Nationwide") alleging that

---

[1] On August 12, 2016, the court dismissed Equifax with prejudice pursuant to stipulation. (See Dkt. 25, Court's Order of August 12, 2016).

[2] On October 3, 2016, plaintiff dismissed Equifax (who was previously dismissed with prejudice, (see Dkt. 35, Notice of Dismissal), and on August 8, 2017, the court dismissed Experian pursuant to a notice of settlement.  (See Dkt. 60, Court's Order of February 8, 2017; see also Dkt. 72, Court's Order of May 25, 2017 (dismissing claims against Experian with prejudice pursuant to stipulation)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

Nationwide, acting on behalf of Ocwen, violated the FDCPA and the RFDCPA, (see Nationwide Complaint at ¶¶ 16 & 29-43), by wrongfully attempting to collect the same discharged debt at issue in the instant action. (See id. at ¶¶ 22-23). Pursuant to the parties' stipulation, the court consolidated the actions, (see Dkt. 67, Court's Order of March 27, 2017, at 1), and ordered plaintiff to file a consolidated complaint. (See id. at 2). On March 29, 2017, plaintiff filed a Consolidated Complaint asserting the same claims against Ocwen and Nationwide. (See Dkt. 69, Consolidated Complaint). On September 28, 2017, plaintiff filed a notice of settlement stating that he and the remaining defendants – Ocwen and Nationwide – had settled their claims. (See Dkt. 79, Notice of Settlement). Accordingly, the court dismissed the action on September 29, 2017. (See Dkt. 80, Court's Order of September 29, 2017).

**LEGAL STANDARD**

A court must award a reasonable attorney's fees and costs to the prevailing party in an action arising under the FDCPA. See 15 U.S.C. § 1692k(a)(3); Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."); see also 15 U.S.C. § 1681n; Cal. Civ. Code § 1785.31; Cal. Civ. Code § 1788.30 (availability of attorney's fees and costs to prevailing party under the FCRA, CCCRAA, and Rosenthal Act). Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, which is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[3] Camacho, 523 F.3d at 978 (internal quotation marks omitted). "There is a strong presumption that the lodestar figure represents a reasonable award, and the figure should only be departed from if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." Hiken v. Department of Defense, 836 F.3d 1037, 1044 (9th Cir. 2016) (internal quotation marks omitted).

**DISCUSSION**

Defendants do not challenge plaintiff's prevailing party status. (See, generally, Dkt. 85, Defendants' Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Non-Taxable Expenses, and Pre- and Post-Judgment Interest ("Opp.")). However, they contend that plaintiff's request of $97,801.46 in attorney's fees and costs is unreasonable and that the court should only

---

[3] "Where the Complaint invokes both state and federal law, the method of calculating attorney's fees rests in the Court's discretion." Hoffman v. Constr. Protective Servs., Inc., 2006 WL 6105638, *3 (C.D. Cal. 2006); see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1479 (9th Cir. 1975) (noting that in case involving state and federal statutes, "[t]he trial court did not err in applying state law to calculate the fees"); Rodriguez v. Cnty. of Los Angeles, 2014 WL 8390755, *2 (C.D. Cal. 2014) (noting that "[l]odestar analysis is generally the same under California law and Federal law").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

award a total of $26,350.75.[4]  (See id. at 1 & 25).

I.   ATTORNEY'S FEES.

   A.   Reasonable Hourly Rates.

   To determine the appropriate lodestar amount, the court assesses the reasonableness of the hourly billing rate.  See Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident Ins. Co., 25 F.3d 743, 750 (9th Cir. 1994).  A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community."  Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  Camacho, 523 F.3d at 979; Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110 (9th Cir. 2014) ("[T]he relevant community is the forum in which the district court sits.") (quotation marks and citation omitted).  The court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation.  See Camacho, 523 F.3d at 979.  Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

   Here, plaintiff requests $550 an hour for Stuart Price ("Price") and $500 for David Chami ("Chami").  (See Dkt. 81, Motion at 4).  Defendants contend that the requested rates are insufficiently supported and are unreasonable.  (See Dkt. 85, Opp. at 5-10).  As an initial matter, the court notes that defendants seek to reduce Chami's hourly fee based on the prevailing market rate in Phoenix, Arizona, where Chami is located.  (See id. at 7).  However, the prevailing market is not Phoenix, but Los Angeles.  See Camacho, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").

   In support of Price's and Chami's requested rates, plaintiff cites to the an excerpt of U.S. Consumer Law Attorney Fee Survey Report, 2015-2016 ("Fee Survey").  (See Dkt. 81, Motion at 6; see also Dkt. 81-5, Exhibit ("Exh.") 3, Fee Survey)).  However, other than citing to two pages of the excerpted Fee Survey, plaintiff does not explain how that Fee Survey supports Chami's request of $500 per hour.  (See, generally, Dkt. 81, Motion).  Indeed, although recognizing that the relevant community is Los Angeles, (see Dkt. 86, Reply at 4), plaintiff provides excerpts of the Fee Survey for attorneys practicing in Arizona.  (See Dkt. 81, Motion at 6; Dkt. 81-5, Fee Survey at ECF 652).  However, based on (1) defendants' recognition that the median rates in the Los Angeles area for mortgage and credit rights cases are $400 and $450 respectively, (see Dkt. 85,

---

   [4] Plaintiff seeks an additional $3,550 (7.1 hours x $500) in fees incurred in preparing his reply brief, for a total amount of $101,351.46.  (See Dkt. 86, Reply in Support of Plaintiff's Motion for Attorneys' Fees, Non-Taxable Expenses and Pre- and Post-Judgment Interest ("Reply") at 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

Opp. at 7 n. 1); (2) the fact that in October 2014, three years prior to the filing of the Motion, Chami was awarded $400 per hour in another case in the District of Arizona, (see Dkt. 81-4, Declaration of David A. Chami ("Chami Decl.") at ¶ 10; Dkt. 81-6, Fee Order in Sullivan v. Salt River Project Agricultural Improvement and Power District, CV 12-1810 PHX ("Sullivan") at 3-5[5]); (3) Chami's position as the managing partner of the consumer litigation practice group for his law firm, (see Dkt. 81-4, Chami Decl. at ¶ 6); and (4) and this court's familiarly with the local legal market, the court is persuaded that Chami's hourly rate should be $450.

With respect to Price's billing rate, which defendants concede is in line with the prevailing rate in Los Angeles, (see Dkt. 85, Opp. at 7), defendants contend that his rate (along with Chami's rate) should be reduced "due to the[] simple and straightforward nature" of this FDCPA case. (See id. at 7-9). However, as plaintiff notes, this case was not simply an FDCPA case, (see Dkt. 86, Reply at 11-12), and included FCRA and CCCRAA claims. (See id. at 11). Under the circumstances, the court is not persuaded that a reduction in Price's hourly rate is warranted.

Defendants further suggest that Price's hourly rate should be reduced because two partners billed on this "relatively straightforward individual case." (See Dkt. 85, Opp. at 9). However, having a junior associate perform less difficult tasks does not necessarily reduce costs because his or her work must still be reviewed and supervised by a more senior attorney. See, e.g., Johnson v. Allied Trailer Supply, 2014 WL 1334006, *2 (E.D. Cal. 2014) ("The fact that senior counsel performed work that could have been completed by more junior attorneys does not always serve as a basis for a fee reduction."); Chapman v. Pier 1 Imports, Inc., 2007 WL 2462084, *3 (E.D. Cal. 2007) ("It is not clear that the savings of cheaper junior associates would outweigh the cost involved in reviewing and supervising the junior associates' labor."); Stonebrae, L.P. v. Toll Bros., Inc., 2011 WL 1334444, *13 (N.D. Cal. 2011) ("Use of more experienced attorneys for certain tasks can be more efficient than deploying less senior attorneys."). Further, Price's "expertise and independent work on the matter may very well have been more efficient than billing an associate to familiarize themselves with the facts, do the same work over a lengthier amount of time, and then have [Price] review their work." Yeager v. Bowling, 2010 WL 2303273, *7 (E.D. Cal. 2010). Finally, only two attorneys billed to this matter, which is plainly reasonable.

    B.    <u>Reasonable Hours</u>.

To determine the appropriate lodestar amount, the court also assesses the "number of hours reasonably expended on the litigation[.]" Credit Managers Ass'n of S. Cal., 25 F.3d at 750 (internal quotation marks omitted). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise

---

[5] Chami states in his declaration that the $400 hourly fee was awarded by the court in the District of Nevada. (See Dkt. 81-4, Chami Decl. at ¶ 10). The attached Sullivan order, dated October 23, 2014, was issued by Judge Susan R. Bolton in the District of Arizona. (See Dkt. 81-6, Sullivan Fee Order).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

unnecessary." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation marks omitted).

As an initial matter, the court is persuaded, based on its independent review of plaintiff's fee request, including the Billing Statement,[6] see Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1992) (court has duty "to independently review plaintiffs' fee request even absent defense objections"), that the number of hours devoted to the instant action is somewhat excessive. (See Dkt. 81-1, Exh. 1, Billing Statement). To address this, the court will apply a ten percent across-the-board reduction. See Gates, 987 F.2d at 1399 ("[T]he district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'"); Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation."). The court will apply that reduction after it calculates the lodestar figure.

    1.    **Block Billing**.

Defendants contend the court should reduce the requested number of hours that were block billed by 30%. (See Dkt. 85, Opp. at 10-13). Block billing is the "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Welch, 480 F.3d at 945 n. 2. Although a court has the authority to reduce billed hours due to block billing because such billing "makes it more difficult to determine how much time was spent on particular activities[,]" id. at 948, an attorney "is not required to record in great detail how each minute of his time was expended. Rather, an attorney need only identify the general subject matter of his time expenditures." K.M. ex rel. Bright v. Tustin Unified School Dist., 78 F.Supp.3d 1289, 1304 (C.D. Cal. 2015) (citations and internal quotation marks omitted).

Here, for the most part, Price's and Chami's invoices are sufficient to "identify the general subject matter of [their] time expenditures." See K.M., 78 F.Supp.3d at 1304; (see also Dkt. 81-1, Exh. 1, Billing Statement). However, there are a few entries where "it is impossible to determine whether the time requested for any one task was reasonable[,]" Banas v. Volcano Corp., 47 F.Supp.3d 957, 967 (N.D. Cal. 2014), particularly because in some instances the entries span multiple days. See, e.g., Lightbourne v. Printroom Inc., 2015 WL 12732457, *5 (C.D. Cal. 2015) (reducing block billed time due in part to the fact that entries included tasks "repeated over several days"). Those entries include the: (1) May 5, 2015, Price entry for 4.8 hours; (2) January 18, 2016, Price entry for 0.7 hours; (3) November 29 - December 2, 2016, Chami entry for 0.7 hours;

---

    [6] Separate billing statements for Chami and Price were submitted with the Motion. (See Dkt. 81-1 and 81-3). The court has reviewed both, and because they are identical, the court will simply cite to the statement at Dkt. 81-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

(4) February 20, 2017, Chami entry for 4.2 hours; (5) April 20 - May 20, 2017, Chami entry for 1.5 hours; and (6) June 19 - June 20, 2017, Chami entry for 1.5 hours. (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 588-89, 598, 602, 604-05). The court declines to reduce such hours by 30% as requested by defendants since the court has already indicated that it will apply a ten percent reduction to the requested hours. However, the court will reduce the billed hours by 10%. See Lahiri v. Universal Music and Video Distribution Corp., 606 F.3d 1216, 1222 (9th Cir. 2010) (noting California State Bar's Committee on Mandatory Fee Arbitration's report that block billing may increase time by 10 to 30%); Welch, 480 F.3d at 948 (explaining that any reduction should be tailored to "those hours that were actually billed in block format"); Mendez v. County of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008), overruled on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014) (admonishing that block billing "does not justify an across-the-board reduction or rejection of all hours").

    **2.    Redundant and Excessive Billing**.

Defendants contend that the hours expended on this case are excessive. As stated earlier, the court will impose a ten percent across the board "haircut" to account for somewhat excessive time. Thus, the court will now consider defendants' specific contentions regarding redundant or excessive billing.

First, defendants take issue with "redundant or duplicative time entries." (See Dkt. 85, Opp. at 13-14). Having reviewed the Billing Statement, the court finds no merit to defendants' position. See Jefferson v. Chase Home Fin., 2009 WL 2051424, *4 (N.D. Cal. 2009) ("Under federal law, the Court has the discretion to reduce the hours if it determines that inefficiency or overstaffing was a problem[.]"). For example, defendants challenge several entries that reflect work done by both attorneys on the same tasks. (See Dkt. 85, Opp. at 13-14); (id.) (challenging both Price and Chami billing for reviewing mortgage statements on August 5, 2016, and seeking to omit Chami's time as redundant); (see also Dkt. 85-1, Exh. 1, Billing Statement at ECF 592); (Dkt. 85, Opp. at 14) (taking issue with both Price and Chami reviewing the 30(b)(6) deposition transcript on November 21 and 22, 2016); (Dkt. 85-1, Exh. 1, Billing Statement at ECF 598). However, "[o]ther than simply directing the court to particular billing entries, defendant[s] provide[ ] no persuasive reason why having two . . . attorneys [perform any of those particular tasks] was unreasonable." Sunstone Behavioral Health, Inc. v. Alameda County Medical Center, 646 F.Supp.2d 1206, 1214 (E.D. Cal. 2009). "[D]uplicative work . . . is not a justification for cutting a fee, unless the lawyer does unnecessarily duplicative work." Mendez, 540 F.3d at 1129 (internal quotations omitted) (emphasis in the original).

With respect to defendants' contention that the 0.3 and 0.6 hours billed by both counsel on "May 19, 2016 for reviewing the Court's scheduling order" should be omitted because it is duplicative and is a paralegal task, (see Dkt. 85, Opp. at 13), the court notes that it appears that only one attorney, Price, reviewed the order and that the second individual, Florence Lirato

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

("Lirato"), a paralegal[7] reviewed and calendared the appropriate dates. (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 591). Thus, only one attorney reviewed the order. In any event, the order at issue, Order Setting Scheduling Conference, (see Dkt. 13), admonishes counsel to "Read This Order Carefully[,]" (see id. at 1) (emphasis omitted), so even if both Price and Chami reviewed the order, the court would not have deducted the time billed for counsel's compliance with the court's order. But because plaintiff concedes that Lirato's billing related to "an administrative task which involved calendaring/scheduling . . . dates and setting reminders[,]" her time will be excluded on that basis. See Forto v. Capital One Bank, N.A., 2017 WL 6026242, *4 (N.D. Cal. 2017) (observing that administrative or clerical tasks are not compensable regardless of who performs them and collecting cases re same).

Second, defendants challenge redundant billing. For instance, they point to Price's billing for researching FDCPA and Rosenthal claims on both May 6, 2015 and April 7, 2016. (See Dkt. 85. Opp. at 13). However, such research was conducted almost a year apart, and appears to have involved additional areas of inquiry, e.g., CCCRAA research. (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 588, 590; Dkt. 86, Reply at 8); see also Moreno, 534 F.3d at 1112 (noting that legal work product may grow stale, and that "a competent lawyer won't rely entirely on last years, or even last month's research"). Defendants also add that Chami billed 4.2 hours for reviewing mortgage statements and conducting research on the FDCPA on February 20, 2017, after billing for reviewing such statements on August 5, 2016. (See Dkt. 85, Opp. at 13-14; see also Dkt. 81-1, Exh. 1, Billing Statement at ECF 592, 602). However, such review was undertaken over six months later, and Chami billed only 0.4 for the earlier review. (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 592). With respect to the FDCPA research, plaintiff responds, and the Billing Statement supports plaintiff's response, that the research was necessary to bring in a new defendant, and update the case law on the subject claims. (See Dkt. 86, Reply at 8-9; Dkt. 81-1, Exh. 1, Billing Statement at 602 ("Review of statements sent by ocwen along with 30(b)(6) depo. Performed legal research regarding possible claims/liability of Nationwide under Rosenthal and FDCPA. Researched liability of Ocwen under agency theory")). In any event, the court has already reduced this time entry due to block billing.

With respect to defendants' query why they should have to pay for Chami to travel to Los Angeles to attend the mediation when Price is located here, (see Dkt. 85, Opp. at 14), plaintiff responds that the hours billed by Chami for travel was "limited to the actual time it took to get to and from the mediation facility from the LA office[.]" (Dkt. 86, Reply at 9). Under the circumstances, the court does not see a justification for reducing Chami's hours. None of defendants' criticisms relating to the alleged redundancy and duplication of work provides a reason why the hours billed on a particular task were unnecessary or excessive to warrant further reduction beyond the 10% haircut. (See, generally, Dkt. 85, Opp. at 13-17); see Moreno, 534 F.3d

---

[7] Plaintiff does not identify the positions of individuals who billed on the invoices. Given the hourly rate for Lirato is $130, it is safe to assume this is one of the "paraprofessional[s]" for which plaintiff seeks to recover fees. (See Dkt. 81, Motion at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

at 1113 ("Findings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much."). The court will not further reduce the lodestar figure for those tasks defendants contend are "redundant" or "duplicative."

Next, defendants contend the court should exclude hours that are excessive. (See Dkt. 85, Opp. at 14-17). First, defendants point to ten billing entries which they contend show that plaintiff excessively billed for routine litigation tasks. (See id. at 14). Plaintiff responds to only one entry, 3.5 hours spent by a paralegal preparing deposition notices, stating that the notices were more time consuming than typical deposition notices given that the deponents were in India. (See Dkt. 86, Reply at 9). The relevant time entry bears this out. (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 599) ("Prepared 30(b)(1) depo notices to be held by video for employees located in India. Required accounting for time difference and locating a court reporter service in India."). The court finds the time expended reasonable.

Having reviewed the hours expended with respect to the nine remaining entries, the court finds the time expended reasonable or already addressed as part of the ten percent haircut, except that, with respect to the time spent preparing the Joint Report, (see Dkt. 81-1, Exh. 1, Billing Statement at ECF 591-92), the court agrees that the 3.0 total hours billed by Lirato and Price were excessive. The Joint Report in this action was relatively short and simple, (see Dkt. 21, Joint Case Management Report), which the court believes should have taken no more than 2 hours. Thus, the court will reduce Lirato's time by 0.5 and Price's time by 0.5. Similarly, the court finds the 2.0 hours billed by Price on September 7, 2016, to review a draft protective order, (see Dkt. 81-1, Exh. 1, Billing Statement at ECF 594), and the 1.2 hours billed on March 23, 2017, to prepare a joint stipulation to consolidate and extend discovery, (see id. at 603), excessive. The protective order was only five pages, (see Dkt. 55), and the joint stipulation was but a paragraph long with a proposed order that merely set forth proposed deadlines. (See Dkts. 66 & 66-1). The court will reduce the 2.0 hours to 1.0 and the 1.2 hours to 0.5.

Second, defendants challenge the time spent on substantive tasks. (See Dkt. 85, Opp. at 14-17). The court has carefully reviewed the cited time entries, (see Dkt. 81-1, Exh. 1, Billing Statement), and finds, with exceptions that follow, that defendants have not shown the time was unreasonable or excessive. With respect to Chami's 5.8 hours to prepare a motion to compel, (see Dkt. 81-1, Exh. 1, Billing Statement at ECF 599), the court finds the hours unreasonable given that the motion was just over nine pages, including a page devoted to the table of contents, and did not reflect work requiring 5.8 hours to complete. (See Dkt. 43). The fact that Ocwen subsequently produced documents, (see Dkt. 86, Reply at 10), is not relevant to the time necessary to prepare the motion. The court is persuaded that no more than four hours should have been necessary to prepare the motion to compel.

Defendants challenge Chami's three hour billing entry on January 9, 2017, stating: "Received 1672 pages of additional document production. Held off on performing any substantive review in an effort to kickstart possible settlement discussions[.]" (See Dkt. 81-1, Exh. 1, Billing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

Statement at ECF 600; Dkt. 85, Opp. at 16). Plaintiff does not respond to this challenge in his reply brief. (See, generally, Dkt. 86, Reply). In any event, the court agrees with defendants' contention that this is excessive given that entry states that Chami "[h]eld off on performing any substantive review[.]" (Dkt. 81-1, Exh. 1, Billing Statement at ECF 600). Accordingly, the court will reduce the three hours to 0.5 hours. The court also believes that Chami's May 20, 2017, billing entry for two hours to "sen[d] written discovery to Nationwide" is excessive and unreasonable. The court will reduce the requested hours to 0.5 hours.

Finally, Chami's 13.9 hours to prepare the instant Motion and declaration are excessive. The Motion is only 6 pages long, (see Dkt. 81, Motion), and Chami's Declaration is only 2 pages long, with 11 single-sentence paragraphs (along with one paragraph identifying Chami and stating that the declaration is based upon personal knowledge that consists of two sentences). (See Dkt. 81-4, Chami Decl.). Moreover, although the Reply is more than twice as long, Chami seeks only 7.1 hours for that task. (See Dkt. 86, Reply at 16). The court finds that 13.9 hours to prepare the Motion is excessive, and that no more than 7 hours should have been necessary. See Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 909 (9th Cir. 1995) (finding that "the district court was well within its discretion" in reducing the fees-on-fees requested).

      **3.**    **Vague Entries**.

Defendants contend that court should reduce by 50% those entries that are vague. (See Dkt. 85, Opp. at 17-18). With respect to one challenged entry, the January 9, 2017, Chami entry, the court has already reduced the requested hours. See supra at § I.B.2. With respect to the two other entries called out by defendants, (see Dkt. 85, Opp. at 17), the court has already reduced the hours above, either specifically, or as part of the 10% haircut, and the court finds no justification for further reduction.

      **4.**    **Administrative and Clerical Tasks**.

Defendants contend that plaintiff's counsel are not entitled to recover for administrative or clerical tasks. (See Dkt. 85, Opp. at 18–19). However, other than the May 20, 2017, Chami entry, (see id. at 18), which the court has already reduced, defendants do not identify any specific problematic billing entries. (See, generally, id. at 18-19). Thus, the court will not consider this request further.

      C.    Lodestar Adjustment.

Defendants assert that the lodestar amount should be adjusted downward based on the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638 (1992). (See Dkt. 85, Opp. at 19-23). However, "only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006); Hiken, 836 F.3d at 1044 ("There is a strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | |

presumption that the lodestar figure represents a reasonable award, and the figure should only be departed from if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary.") (internal quotation marks omitted) "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable number of hours or reasonable hourly rate at the first step, i.e. when determining the lodestar, is a disfavored procedure." Morales v. City of San Rafael, 96 F.3d 359, 364 n. 9 (9th Cir. 1996), amended by, 108 F.3d 981 (9th Cir. 1997).

Here, the court has already reduced some of plaintiff's counsel's hours.  Therefore, the court declines to reduce the lodestar amount any further.  See Eiden v. Thrifty Payless Inc., 407 F.Supp.2d 1165, 1171-72 (E.D. Cal. 2005) (noting that "the court has already considered this argument, and in some instances applied it, within the framework of the lodestar calculation.  No further adjustment is warranted."); Cancio v. Fin. Credit Network, Inc., 2005 WL 1629809, *1 (N.D. Cal. 2005) ("There is a 'strong presumption' that this 'lodestar' figure constitutes a reasonable attorneys' fee because most relevant considerations are subsumed within this initial calculation.") (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65, 106 S.Ct. 3088, 3098 (1986)).

     D.     Summary of Attorney's Fees.

In sum, the court awards the following reasonable attorney's fees:[8]

|  | Requested | | | Awarded | | |
|---|---|---|---|---|---|---|
| **Name** | **Rate** | **Hours** | **Subtotal** | **Rate** | **Hours** | **Total** |
| Price | $550 | 67 | $36,850 | $550 | 57.8 | $31,790 |
| Chami | $500 | 119.4 | $59,700 | $450 | 95.2 | $42,840 |
| Lirato | $130 | 12.9 | $1,677 | $130 | 10.6 | $1,378 |
| Lirato | $150 | 2.1 | $315 | $150 | 1.9 | $285 |

---

[8] The court notes that the Billing Statement contained basic mathematical errors that forced this court to spend an inordinate amount of time to comb through each entry line by line to reconcile the stated figures with the total hours and amount stated in the Billing Statement and the Motion.  (See, e.g., Dkt. 81-1, Exh. 1, Billing Statement at ECF 608) (stating the Chami spent 5.3 hours at $500 per hour for a total of $1,650.00).  Based on these errors, the amounts stated below will be inconsistent with the total amount set forth in the Billing Statement and even plaintiff's Motion.  Plaintiff's counsel is advised to update its billing program as it is obvious that the entries were entered manually.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-0735 FMO (DTBx) | | | Date | November 21, 2018 |
|---|---|---|---|---|---|
| Title | John Castaneda v. Ocwen Loan Servicing, LLC, et. al. | | | | |

| Padilla | $150 | 8.3 | 1,245 | $150 | 7.5 | $1,125 |
|---|---|---|---|---|---|---|
| | | 209.7 | $99,787 | | **173** | **$77,418** |

II.   COSTS.

Plaintiff seeks $2,614.46 in costs.  (See Dkt. 81, Motion at 8).  Plaintiff does not set forth the specific costs he seeks.  (See, generally, id.).  Based on the court's review of the Billing Statement, it appears plaintiff is seeking costs incurred for: filing ($800); service ($100); pro hac vice application ($325); deposition transcription ($550.15); and travel and hotel accommodations related to the mediation ($869.31).  (See Dkt. 81-1, Exh. 1, Billing Statement at ECF 608).  Other than the costs associated with filing fees, defendants contend the court should not award the requested costs because plaintiff did not attach copies of the invoices, receipts, and disbursements.  (See Dkt. 85, Opp. at 25).  They also contend the costs associated with Chami traveling to California for the mediation are not recoverable.  (See id.).  Plaintiff does not respond to this contention in his reply.  (See, generally, Dkt. 86, Reply).  As such, the court will award only the $800 for filing fees.[9]

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.   Plaintiff's Motion for Attorney's Fees, Non-Taxable Expenses and Pre- and Post-Judgment Interest **(Document No. 81)** is **granted in part** and **denied in part**.  Plaintiff shall recover $77,418 in attorney's fees and $800 in costs from defendants.

2.   Judgment shall be entered accordingly.

Initials of Preparer          vdr

---

[9]   Although the caption of the Motion suggests plaintiff is also seeking pre- and post-judgment interest, (see Dkt. 81, Motion at Caption Page), plaintiff does not make an actual request for such interest.  (See, generally, id. at 2-8).  Nor does plaintiff respond to defendants' argument that he is not entitled to such interest.  (See Dkt. 85, Opp. at 25; see, generally, Dkt. 86, Reply).  Thus, the court declines to award such interest.